IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:03-CR-0218 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| KATHY L. SCHICK, | : | |
| Defendant. | : | |

**O R D E R**

May 26, 2005

**BACKGROUND:**

On December 5, 2003, defendant Kathy L. Schick was sentenced to two

years probation after pleading guilty to one count of making, uttering, and

possessing forged securities in violation of 18 U.S.C. § 513(a).  On April 22, 2005,

Schick filed a motion to amend criminal judgment or, in the alternative, for

declaratory judgment.  She seeks relief from having to provide the United States

Probation Office with a DNA sample pursuant to the DNA Analysis Backlog

Elimination Act (DNA Act), 42 U.S.C. §§ 14135-14135e (as amended Oct. 30,

2004).  For the following reasons, we will deny Schick's motion.

**DISCUSSION:**

As amended on October 30, 2004, the DNA Act instructs the United States

Probation Office to collect a DNA sample from each individual on probation, parole, or supervised release "who is, or has been, convicted of a qualifying Federal offense."  42 U.S.C. § 14135a(a)(2) (2004).  This provision was unchanged by the 2004 amendment.  <u>Compare</u> 42 U.S.C. § 14135a(a)(2) (2004) <u>with</u> 42 U.S.C. § 14135a(a)(2) (2000).  The 2004 amendment, though, expanded the definition of "qualifying Federal offense" to include "[a]ny felony."  42 U.S.C. § 14135a(d)(1) (2004).

At the time Schick pled guilty in 2003, § 14135a(d) did not include "any felony" as a "qualifying Federal offense."  <u>See</u> 42 U.S.C. § 14135a(d) (2000).  Nor did § 14135a(d) include a violation of 18 U.S.C. § 513(a) as a "qualifying Federal offense" at the time Schick pled guilty.  <u>See id.</u>  Therefore, she would not be required to provide a DNA sample under 42 U.S.C. § 14135a(a)(2) as of the time she pled guilty because the 2004 amendment had yet to expand the definition of "qualifying Federal offense" to include "any felony."

However, the Justice For All Act of 2004, which contained the 2004 amendment to the DNA Act, specifically provided that:

> "This section and the amendments made by this section [enacting this section and 18 U.S.C.A. § 3600A] shall take effect on the date of enactment of this Act [Oct. 30, 2004] and shall apply with respect to any offense committed, and to any judgment of conviction entered, before, on, or after that date of enactment."

Pub. L. 108-405, Title IV, § 411(c), Oct. 30, 2004, 118 Stat. 2284 (appearing as note to 18 U.S.C. § 3600) (quotations and alterations in original).  Thus, the 2004 amendment's expansion of the definition of "qualifying Federal offense" to include "any felony" would retroactively apply in Schick's case.  As a result, the Probation Office is required to obtain a DNA sample from Schick under 42 U.S.C. § 14135a(a)(2) because she is currently on supervised release.

Notwithstanding the retroactive reach of the DNA Act as of October 30, 2004, Schick argues that the pre-amendment DNA Act, specifically the pre-amendment definition of "qualifying Federal offense," should apply in her case. She cites United States v. Cooper, 396 F.3d 308 (3d Cir. 2005), in support of her position.  In Cooper, the Third Circuit analyzed the pre-amendment DNA Act and, although noting that the DNA Act had been amended on October 30, 2004, remarked: "[The defendant's] crime having occurred prior to October 30, 2004, however, the amendment does not affect the disposition of this case."  396 F.3d at 310 n.2.

Footnote two in Cooper is no help to Schick.  Not only might the Cooper court have been unaware of the retroactive application of the 2004 amendment to the DNA Act, but more likely the defendant in Cooper only argued that, as of 2003,

the Probation Office did not have authority to collect a DNA sample from him.
Schick argues that, as of today, the Probation Office has no authority to collect a
DNA sample from her.  The difference is that Schick's challenge comes after the
passage of the 2004 amendment to the DNA Act (after the definition of "qualified
Federal offense" was retroactively expanded to include "any felony"), while the
Cooper defendant's challenge came before the passage of the 2004 amendment.
Thus, the Third Circuit was not called on in Cooper to determine if that defendant
was required to submit a DNA sample in light of the 2004 amendment.  Cf. United
States v. Peterson, 394 F.3d 98, 105 n.7 (2d Cir. 2005) ("Because the question
before us is whether [the defendant] violated the conditions of his parole by failing
to submit to the collection of a DNA sample in 2002, we do not reach the question
whether the 2004 amendment to the DNA Act now requires him to submit to the
collection of a DNA sample.").  We therefore decline to apply the pre-amendment
DNA Act, specifically the pre-amendment definition of "qualifying Federal
offense," in Schick's case.

Schick's alternative argument attacking the constitutionality of the DNA Act
also fails.  Less than two months after Cooper, the Third Circuit issued United
States v. Sczubelek, 402 F.3d 175 (3d Cir. 2005), in which the Third Circuit upheld
the constitutionality of the 2000 version of the DNA Act.  The Third Circuit

-4-

specifically upheld the Probation Office's authority under 42 U.S.C. § 14135a(a)(2) to collect a DNA sample from a defendant who had been convicted in 1994 and who, at the time the Third Circuit decided the case, was no longer on supervised release.  Sczubelek, 402 F.3d at 178-79.

As the Third Circuit upheld the validity of the 2000 version of 42 U.S.C. § 14135a(a)(2) in Sczubelek, and as 42 U.S.C. § 14135a(a)(2) was unaffected by the 2004 amendment, then, *a fortiori*, the 2004 version of 42 U.S.C. § 14135a(a)(2) that Schick now challenges must also be valid.

For the above reasons, then, the court will not order that Schick be exempted from providing the Probation Office with a DNA sample.  Nor will the court declare the DNA Act unconstitutional.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Schick's motion to amend criminal judgment or, in the alternative, for declaratory judgment (Rec. Doc. No. 18), is denied.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge